UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James L. Brooks,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Paul Hubbell; D. Tallman; A.J. Burba; J. Castro; N. Janning; A. Hernandez; D. Jane.; L. Tindell,[1]<br><br>　　　　　Defendants. | Case No. 2:23-cv-00757-JAD-DJA<br><br>**Order** |

　　Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 2). Plaintiff also submitted a complaint. (ECF No. 5). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint.

**I.　*In forma pauperis* application.**

　　Plaintiff filed the affidavit required by § 1915(a). (ECF No. 2). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.　Screening the complaint.**

　　Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff includes an attachment to his complaint listing A. Hernandez, D. Jane, and L. Tindell as Defendants. (ECF No. 5 at 7).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

> **A.     The Court construes Plaintiff's excessive force claims as arising under the Fourth Amendment and dismisses his deliberate indifference claim without prejudice.**

Plaintiff alleges that, on June 7, 2022, he was getting out of his truck when he was attacked by Reno and Sparks Police Department Officers Hubbell, Tallman, Burba, Castro, Janning, Hernandez, Jane, and Tindell.[2] (ECF No. 5 at 2). Plaintiff asserts that officers threw him to the ground, despite the fact that he was not resisting, handcuffed him, and held his face to the concrete. Plaintiff alleges that Hubbell then hit him over the head with the butt of a gun three times, causing him to black out. Plaintiff required stitches for his facial injuries and now experiences knee pain, ringing in his hear, soreness and scarring on his cheek, anxiety, post-traumatic stress disorder, and now requires medication for a heart condition he developed as a result of the attack. Plaintiff seeks damages.[3]

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff brings three counts: (1) violation of his Eighth Amendment rights to be free from cruel and unusual punishment; (2) violation of Nevada Revised Statute 171.1455 through use of deadly force; and (3) violation

---

[2] In his application to proceed *in forma pauperis*, Plaintiff named the Reno Police Department as the only Defendant. (ECF No. 2). However, in his complaint, Plaintiff names Officers Hubbell, Tallman, Burba, Castro, Janning, Hernandez, Jane, and Tindell, but removes the Reno Police Department. (ECF No. 5). The Court thus does not analyze any of Plaintiff's claims as alleged against the Reno Police Department.

[3] Plaintiff also requests a modification to his sentence. Under *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1993), if a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by *habeas* petition, or through a similar proceeding. However, Plaintiff's complaint does not otherwise challenge the validity of his conviction or sentence. The Court thus does not find dismissal appropriate under *Heck*.

of his Eighth Amendment right to be free from cruel and unusual punishment by denial of medical care.

          1.    Count 1.

The Court construes Plaintiff's first count as an excessive force claim arising under the Fourth Amendment. Because Plaintiff's allegations are based on events surrounding his arrest, and not following conviction and sentencing, his first claim does not arise under the Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard…"). The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967). Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. *Graham*, 490 U.S. at 394-95.

The Supreme Court has explained:

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation ... An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (internal citations omitted).

Here, Plaintiff has alleged a colorable claim for excessive force in violation of the Fourth Amendment. He asserts that, although he did not resist officers, officers threw him to the ground and pressed his face into the concrete. He also alleges that Officer Hubbell beat him with the butt of Officer Hubbell's gun until Plaintiff blacked out. This is sufficient to allege a Fourth

Amendment claim against Officers Hubbell, Tallman, Burba, Castro, Janning, Hernandez, Jane, and Tindell.

### 2. Count 2.

Plaintiff's second count references Nevada Revised Statute 171.1455 and "use of deadly force…" (ECF No. 5 at 4). That statute addresses officers' use of deadly force. However, that statute does not create or reference a private right of action. And Plaintiff does not otherwise identify a statute that would create that cause of action. The Court thus dismisses Plaintiff's claim under this statute without prejudice.

### 3. Count 3.

The Court construes Plaintiff's third count as a deliberate-indifference-to-medical-needs claim arising under the Due Process Clause of the Fourteenth Amendment. Again, because Plaintiff's allegations are based on events surrounding his arrest, and not following conviction and sentencing, his claim does not arise under the Eighth Amendment. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("[i]nmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause."). The plaintiff must show that the prison officials acted with "deliberate indifference." *Id.* The elements of a claim for deliberate indifference against a defendant based on a pretrial detainee's rights under the Fourteenth Amendment are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.

Here, Plaintiff has not alleged a colorable claim for deliberate indifference to serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment. While Plaintiff alleges that Defendants seriously injured him, he does not allege that they denied him medical care or delayed that care. Plaintiff's complaint also does not name any prison officials or indicate whether those officials deprived him of care while he was a pretrial detainee.[4] Plaintiff's complaint indicates that he saw a medical provider on the same day of the incident to get stitches and was prescribed heart medication at some point afterwards. Plaintiff also asserts that he went to the infirmary—presumably at the prison—to have his stitches removed on June 17, 2022 and June 21, 2022. The Court thus dismisses Plaintiff's claim for deliberate indifference to serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Ely State Prison will forward payments from the account of **James L. Brooks, Inmate No. 79567**, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is also

---

[4] In the event Plaintiff amends his complaint to assert deliberate indifference claims against prison or jail officials, Plaintiff must specify if he was a pretrial detainee or whether any events occurred after a conviction. From the timeline Plaintiff provides in his complaint, it appears that he was a pretrial detainee while receiving medical care for the injuries officers caused.

kindly directed to send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim for excessive force in violation of his Fourth Amendment rights shall proceed against Officers Hubbell, Tallman, Burba, Castro, Janning, Hernandez, Jane, and Tindell.

**IT IS FURTHER ORDERED** that:

- Plaintiff's claim brought under NRS 171.1455 is dismissed without prejudice.
- Plaintiff's 42 U.S.C. § 1983 claim for deliberate indifference to serious medical needs in violation of his Fourteenth Amendment due process rights is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 5).  The Clerk of Court is also kindly directed to: (1) issue summons to Defendant Officers Paul Hubbell, D. Tallman, A.J. Burba, J. Castro, N. Janning, D. Jane, and L. Tindell; (2) deliver the summonses along with seven copies of the complaint to the U.S. Marshal for service; and (3) mail Plaintiff seven blank copies of Form USM-285.

**IT IS FURTHER ORDERED that** Plaintiff shall have twenty-one days—until **October 18, 2023**—in which to send the U.S. Marshal the required Form USM-285.  Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have ninety days—until **December 26, 2023**—within which to serve the Defendants.  Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff will have twenty-one days—until **October 18, 2023**—to file an amended complaint to the extent he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

DATED: September 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE