UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James L. Brooks,<br><br>                    Plaintiff,<br><br>v.<br><br>Paul Hubbell, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-00757-JAD-DJA<br><br>**Order** |

Before the Court are Plaintiff's motion to correct names of the Defendants (ECF No. 41), motion for appointment of counsel (ECF No. 50), and motion to extend time (ECF No. 66).[1]

### I.  **Motion to correct names.**

In his motion to correct names, Plaintiff asks to fix the spelling of two Defendants' names so that he can receive summons with their proper spelling.  (ECF No. 41).  Plaintiff asks to change the spelling of Defendant A.J. Burba to A.J. Barba and Defendant D. Jane to D. Jones. (*Id.*).  No party responded to Plaintiff's motion constituting their consent to the Court granting it. *See* LR 7-2(d).  The Clerk's Office corrected these names on the docket on January 10, 2024.  (ECF No. 62).

The deadline for service passed on December 26, 2023.  (ECF No. 11).  Plaintiff filed his motion to correct the spelling of these Defendants' names on the summons on December 1, 2023.  (ECF No. 41).  The Court thus finds good cause to extend the deadline for service for Defendants A.J. Barba and D. Jones for forty-five days and to re-issue summons with the correct spelling of A.J. Barba and D. Jones' names.

---

[1] Plaintiff has also filed a motion for subpoenas (ECF No. 67) and a second motion for appointment of counsel (ECF No. 70).  However, neither of these motions are currently ripe.  The Court thus defers ruling on them.

## II. Motion for appointment of counsel.

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's motion to appoint counsel is made on what appears to be stock motion language where Plaintiff has added the facts of his particular circumstance in handwriting at the bottom. (ECF No. 50). Plaintiff asserts that he is in a maximum security prison with very little time out of his cell and argues that the case is complex because it involves eight Defendants. (*Id.*). Defendants oppose Plaintiff's motion in part because he did not provide sufficient facts that would justify appointing counsel. (ECF No. 59). The Court agrees with Defendants that Plaintiff's motion does not provide sufficient facts for the Court to find exceptional circumstances and thus denies the motion. Additionally, Plaintiff has since filed another motion to appoint counsel that the Court will consider when it is ripe.

## III. Motion to extend time.

Plaintiff moves to extend discovery from the current deadline of February 29, 2024. (ECF No. 66). No party has responded to the motion, constituting their consent to the Court granting it. *See* LR 7-2(d). The Court finds that Plaintiff has demonstrated good cause to extend the discovery deadlines under Federal Rule of Civil Procedure 6(b) and Local Rule 26-3 and thus grants the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to correct names (ECF No. 41) is **granted.** The Clerk of Court is kindly directed to issue summonses for A.J. Barba and D. Jones. The Clerk of Court is also kindly directed to: (1) deliver the summonses for A.J. Barba

1  and D. Jones along with two copies of the complaint to the U.S. Marshals Service for service;
2  (2) mail Plaintiff a copy of this order; and (3) mail Plaintiff two copies of the Form USM-285.

3  **IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one days—until **March
4  13, 2024**—in which to send the U.S. Marshals Service the required Forms USM-285.  Within
5  twenty-one days after receiving a copy of the Forms USM-285 back from the U.S. Marshals
6  Service showing whether service has been accomplished, Plaintiff must file a notice with the Cout
7  identifying whether the defendants were served.  If Plaintiff wishes to have service again
8  attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying
9  the unserved defendant and specifying a more detailed name and/or address for said defendant or
10 whether some other manner of service should be attempted.

11 **IT IS FURTHER ORDERED** that Plaintiff shall have until **April 8, 2024** to serve A.J.
12 Barba and D. Jones under Federal Rule of Civil Procedure 4(m).

13 **IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 50) is
14 **denied.**

15 **IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 66) is
16 **granted.**  The Court extends the deadlines which had not already passed at the time Plaintiff filed
17 his motion to extend by thirty days.  The below deadlines shall govern discovery:

18     Discovery cutoff:               April 1, 2024
19     Discovery motions:          April 15, 2024
20     Dispositive motions:         April 29, 2024
21     Joint pretrial order:           May 29, 2024[2]

23 DATED: February 21, 2024

                                               DANIEL J. ALBREGTS
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order