UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| James L. Brooks,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Paul Hubbell, et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-00757-JAD-DJA<br><br>**Order** |

　　　　Before the Court are Plaintiff's motion "to get subpoena" and for records (ECF No. 67) and motion for appointment of counsel (ECF No. 70).

**I.      Motion to get subpoena and for records.**

　　　　Plaintiff moves to obtain his medical records from "Internal Affairs" for the Reno Police Department[1] and from the Nevada Department of Corrections. (ECF No. 67). He also seeks to discover each individual Defendant's "work history, suspensions, disciplinary, and any other reports." (*Id.*). The title of Plaintiff's motion also indicates that he is seeking to subpoena "W.C.S.O." and St. Mary's. (*Id.*). Defendants oppose Plaintiff's motion. (ECF Nos. 73, 74, 75).

　　　　The Court will grant Plaintiff's motion to the extent it seeks a subpoena for third parties St. Mary's and W.C.S.O. Under Federal Rule of Civil Procedure 45(a)(3), "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Because Plaintiff has requested subpoenas to two third parties, the Court will issue two subpoenas, signed but otherwise in blank, to Plaintiff for him to complete and serve.

---

[1] The Court assumes that Plaintiff is referring to the Reno Police Department's Internal Affairs Division given the fact that he was referred to that division when serving his summons on Reno Police Department Officer Defendants. (ECF No. 21).

The Court will deny Plaintiff's motion to the extent it seeks to subpoena Defendants or to request documents from Defendants. If Plaintiff seeks documents from Defendants, a Federal Rule of Civil Procedure 34 document request directed to and served on Defendants is the proper way to do so, not a Federal Rule of Civil Procedure 45 subpoena or a motion. *See* Fed. R. Civ. P. 5(d)(1)(A) (explaining that discovery requests must not be filed with the Court until they are used in the proceeding or the court orders filing); *see McCall v. State Farm Mut. Auto Ins. Co.*, 2:16-cv-01058-JAD-GWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017) (explaining that a Rule 45 subpoena "cannot be used to circumvent Rule 34 or the other discovery rules.").

**II.     Motion for appointment of counsel.**

Courts have authority to request that an attorney represent any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). Whether to appoint counsel is within the discretion of the district court and requires a showing of exceptional circumstances. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Id.* Neither factor is dispositive, and both must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff explains in his motion that he has been struggling to obtain discovery in the form of body camera video, medical records, and the Defendants' personnel records. (ECF No. 70 at 2). No party has responded to Plaintiff's motion. However, Plaintiff has recently informed the Court that he was able to watch the body camera footage he requested.[2] (ECF No. 79). And the Court has issued the subpoenas Plaintiff requested to serve on St. Mary's and W.C.S.O. to request

---

[2] Plaintiff's notice also appears to indicate that Defendant is anticipating sending discovery documents he receives to the Court. (ECF No. 79). To the extent Plaintiff is suggesting that he will send documents to the Court, the Court informs him that he need not send documents he receives in discovery to the Court. Specifically, under Federal Rule of Civil Procedure 5(d)(1)(A), "discovery requests and responses must not be filed [with the Court] until they are used in the proceeding or the court orders filing."

his medical records.  Finally, the Court has explained that Plaintiff may request documents from Defendants by serving a Federal Rule of Civil Procedure 34 request for production of documents.

Ultimately, the difficulties Plaintiff has described appear to be resolved or soon to be resolved.  Additionally, Plaintiff's case is at the early motion-to-dismiss stage and thus, it is unclear if Plaintiff is likely to succeed on the merits.  And thus far, Plaintiff has demonstrated an ability to articulate his claims and the discovery he needs.  The Court thus denies Plaintiff's motion without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion "to get subpoenas" (ECF No. 67) is **granted in part and denied in part.**  It is granted in part regarding Plaintiff's request for two subpoenas to serve on third parties.  It is denied in all other respects.  The Clerk of Court is kindly directed to issue two subpoenas, signed but otherwise in blank, to Plaintiff.  Plaintiff must complete the subpoenas before service.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 70) is **denied without prejudice.**

DATED: February 29, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE